# EXHIBIT A

STATE OF MAINE

SOMERSET COUNTY SUPERIOR COURT

Bobbi Frappier,
Plaintiff,

v.

Casco Bay Cleaning Services, LLC;
Manasse Shingiro, individually and as owner/agent of Casco Bay Cleaning Services, LLC;
Sarah Ingabire; and
Mary Mauchly;
Defendants.

Docket No. ___CV-25-90_____

COMPLAINT

I. PARTIES

1. Plaintiff Bobbi Frappier is an adult individual residing in Somerset County, Maine.
2. Defendant Casco Bay Cleaning Services, LLC ("Casco Bay") is a Maine limited-liability company with its principal business office at 999 Forest Avenue, Suite 7, Portland, Maine 04103.
3. Defendant Manasse Shingiro is the owner and managing agent of Casco Bay Cleaning Services, LLC, and exercised direct control over Plaintiff's pay, job duties, discipline, and termination.
4. Defendant Mary Mauchly worked in Human Resources for Casco Bay and knowingly altered, falsified, and withheld records in Plaintiff's personnel file.
5. Defendant Sarah Ingabire also worked in Human Resources and participated in denying Plaintiff's lawful requests for his payroll, personnel, and timekeeping records.
6. All Defendants acted individually and collectively in the conduct described below.

II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 4 M.R.S. §105.
8. Venue is proper in Somerset County under M.R. Civ. P. 82 because Plaintiff resides there and the harm occurred there.

III. FACTUAL BACKGROUND

9. Plaintiff was employed by Casco Bay cleaning from April 1, 2023 through September 23, 2025.

10. Defendants classified Plaintiff as a salaried exempt employee but required him to perform primarily non-exempt manual labor such as cleaning accounts, covering shifts, and delivering supplies.

11. Plaintiff routinely worked 60–80 hours per week without receiving overtime pay.

12. Casco Bay required use of an electronic punch-in system to track hours, confirming that Plaintiff was non-exempt under both Maine law and the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

13. Defendants' classification of Plaintiff as exempt was improper and designed to avoid paying legally required overtime compensation, violating 26 M.R.S. §664 and 29 U.S.C. §207.

14. Plaintiff raised concerns about unpaid overtime, missing hours, and unequal treatment of female employees under his supervision.

15. Shortly after these reports, Defendants placed Plaintiff on "administrative leave," claiming an internal investigation but providing no written explanation or findings.

16. During this period, Plaintiff repeatedly requested copies of his personnel file, payroll records, and full punch-in/punch-out history.

17. Defendants ignored those lawful requests for more than thirty (30) days, in violation of 26 M.R.S. §631.

18. When Defendants eventually produced a partial personnel file, Plaintiff discovered that multiple documents had been altered from the originals he had completed, including changed dates, wording, and facts

19. Defendant Mary created or approved those altered records, and both Mary and Sarah knowingly withheld key timekeeping and payroll data.

20. The personnel file also contained irrelevant references to Plaintiff's wife, who had previously worked for Casco Bay and also raised concerns about unfair pay. Including those references served no legitimate purpose and demonstrated retaliatory intent.

21. Defendants have never produced Plaintiff's complete record of hours worked, despite repeated written requests and their statutory duty to maintain such records.

22. On or about September 23, 2025, Defendants terminated Plaintiff, claiming he "lost an account."

23. That claim was false. A client later confirmed that Plaintiff was the reason the account remained with Casco Bay and that another manager was responsible for the loss.

24. Defendant Manasse Shingiro directly approved or ordered Plaintiff's termination and participated in retaliatory communications about him.

25. Defendants' actions were part of a broader pattern of retaliation and intimidation toward employees who questioned pay practices or advocated for fairness.

26. The Maine Department of Labor subsequently issued Plaintiff a Right-to-Sue Letter, authorizing this civil action.

IV. COUNT I — VIOLATION OF MAINE WAGE AND HOUR LAWS

(26 M.R.S. §§626, 626-A, 631, 664–670; and the FLSA, 29 U.S.C. §207)

27. Plaintiff repeats and realleges paragraphs 1–26.
28. Defendants willfully misclassified Plaintiff as exempt while requiring him to perform non-exempt labor beyond forty (40) hours per week without overtime pay.
29. Defendants failed to maintain and provide accurate time and payroll records as required by 26 M.R.S. §631 and 29 C.F.R. §516.
30. Defendants' conduct was intentional, in bad faith, and designed to deprive Plaintiff of earned wages.
31. As a result, Plaintiff has suffered loss of wages, benefits, and financial hardship.
32. Under 26 M.R.S. §626-A and the FLSA, Plaintiff is entitled to recover unpaid wages, liquidated (double) damages, interest, costs, and reasonable attorney's fees.

V. COUNT II — RETALIATION, WRONGFUL TERMINATION, AND BAD-FAITH RECORD WITHHOLDING

(26 M.R.S. §670 and Maine Public Policy)

33. Plaintiff repeats and realleges paragraphs 1–32.
34. Plaintiff engaged in protected activity by reporting wage violations, requesting payroll and personnel records, and advocating for fair treatment of staff.
35. Defendants retaliated by suspending, investigating, and ultimately terminating Plaintiff on September 23, 2025.
36. The termination was in direct response to Plaintiff's protected activity and constitutes wrongful termination in violation of Maine public policy.
37. Defendants also falsified, altered, and withheld personnel and payroll records, further violating 26 M.R.S. §631 and §670.
38. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:
    a. Lost wages and benefits;
    b. Loss of future earning capacity ("front pay");
    c. Emotional distress and reputational harm; and
    d. Other consequential damages.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment jointly and severally against all Defendants;
b. Award Plaintiff all unpaid wages and overtime compensation;
c. Award liquidated damages equal to twice the amount of unpaid wages under 26 M.R.S. §626-A and the FLSA;
d. Award back pay from the date of termination to the date of judgment;
e. Award front pay for future lost wages, or alternatively order reinstatement to a comparable position;
f. Award interest, costs, and reasonable attorney's fees; and
g. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Bobbi Frappier, Pro Se Plaintiff
164 Skowhegan Rd
Fairfield, Maine 04937
(207) 509-9008
frappierbobbi1977@gmail.com

Date: 11/18/2025